**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| CORDARIO DEBOSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:25-cv-02695-TLP-tmp |
| v. | ) | |
| | ) | JURY DEMAND |
| JUDGE JOHN T. FOWLKES, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING PLAINTIFF'S SECOND MOTION FOR AUTHORIZATION OF ALTERNATIVE MEANS OF SERVICE AND DISMISSING ALL REMAINING CLAIMS AGAINST DEFENDANT**

In early September 2025, Plaintiff filed an Amended Complaint asserting two 42 U.S.C. § 1983 claims against Defendant Judge John T. Fowlkes, Jr. (ECF No. 11 at PageID 20, 25–26.) Plaintiff sued Defendant in his individual and official capacities. (*Id.* at PageID 22.) He later voluntarily dismissed only the official capacity claim against Defendant. (ECF No. 16 at PageID 107.) But he has struggled to serve Defendant. (*See, e.g.*, ECF No. 37 at PageID 185; ECF No. 42 at PageID 195.)

In December 2025, Plaintiff moved to extend the deadline to serve Defendant. (ECF No. 37 at PageID 185; *see also* ECF No. 39.) The Court granted Plaintiff's Motion and extended the deadline to March 18, 2026. (ECF No. 40 at PageID 191.) But the Court noted that it could dismiss Plaintiff's final claim against Defendant if Plaintiff failed to serve him by then. (*Id.*)

In February 2026, Plaintiff moved for leave to serve Defendant through alternative means of service ("First Motion for Authorization"). (ECF No. 42 at PageID 192.) Plaintiff specifically sought the Court's approval to serve Defendant by "[p]osting a copy of the

Summons and Complaint on the front door of [his] residence" and "[m]ailing copies of the Summons and Complaint via certified mail and regular U.S. mail to the same address." (*Id.* at PageID 195.)

But on March 30, 2026, the Court denied his Motion because Tennessee Rule of Civil Procedure 4.04(10) does not permit service by "posting a copy of the Summons and Complaint on the front door of Defendant's residence." (*See* ECF No. 43 at PageID 198; *see also* Tenn. R. Civ. P. 4.04(10).) Although the Court had granted Plaintiff an extension to serve Defendant, it still allowed him to "serve Defendant . . . by mail in accordance with the Tennessee Rules of Civil Procedure." (ECF No. 43 at PageID 198.)

Somehow, Plaintiff still could not do so by August 17, 2026. (ECF No. 44.) So he moved again for the Court's permission to use alternative means of service ("Second Motion for Authorization"). (*Id.* at PageID 199.) But he acknowledges that hardly any law supports his argument, and the Court has not found any new facts that would justify granting his Motion. (*See id.* at PageID 201–03.) So the Court adopts its earlier Order's reasoning and denies Plaintiff's Second Motion for Authorization. (ECF No. 43 at PageID 197–98.) And it denies Plaintiff any further time to serve Defendant.

The Court briefly recounts why it denied Plaintiff's First Motion for Authorization. (*See id.*) Federal Rule of Civil Procedure 4(e)(1) allows a party to serve process on an "individual" by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). And the Tennessee Rules of Civil Procedure permit service "by mail of a summons and complaint upon a defendant." Tenn. R. Civ. P. 4.04(10). But Rule 4.04(10) does not allow courts to authorize alternative means of service. *See id.* And it does not permit service in the

manner Plaintiff seeks. *See id.* Plaintiff recognizes that no law supports his position. (*See* ECF No. 44 at PageID 201–03.)

Plaintiff has far exceeded the permissible time to serve Defendant. Federal Rule of Civil Procedure 4(m) "sets forth the timeline for effecting service of process, as well as the scenarios that warrant enlarging that timeframe." *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022). If a defendant is not served "within 90 days after the complaint is filed," the Court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

The Court has already granted Plaintiff a discretionary extension of time to serve Defendant. (ECF No. 40 at PageID 191; *see Oakland Physicians Med. Ctr.*, 44 F.4th at 568.) And upon denying Plaintiff's First Motion for Authorization, the Court effectively granted Plaintiff another extension by allowing further attempts to serve Defendant. (ECF No. 43 at PageID 198.) The Court has given Plaintiff nearly seven additional months to serve Defendant and he has failed to do so. (*See id.*) Plaintiff's time has run out.

## CONCLUSION

The Court therefore **DENIES** Plaintiff's Second Motion for Authorization and **DISMISSES WITHOUT PREJUDICE** Plaintiff's remaining claims against Defendant. The Court will enter its Judgment separately.

**SO ORDERED**, this 28th day of October, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE